**NG DO-KHANH, PC**
Daniel Do-Khanh (SBN 195323)
Anthony Cartee (SBN 248721) *of counsel*
8001 Irvine Center Drive, Suite 1090
Irvine, CA  92618
Telephone: (949) 748-8338
Facsimile: (949) 748-8339
Email: daniel@ndklaw.com
Email: acartee@ac-legal.com

Attorneys for plaintiff:
Nutrivita Laboratories, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NUTRIVITA LABORATORIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VBS DISTRIBUTION, INC., a California Corporation;<br><br>KINGS HERB CORPORATION; an entity of unknown form;<br><br>JOSEPH C. NGUYEN, an individual; and<br><br>DOES 1 – 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT**<br>2. **UNFAIR COMPETITION**<br>3. **TRADE DRESS INFRINGEMENT**<br>4. **COPYRIGHT INFRINGEMENT**<br>5. **TRADEMARK DILUTION**<br>6. **FALSE ADVERTISING**<br>7. **FALSE ADVERTISING (CAL. BUS. PROF. 17500)**<br>8. **CONTRIBUTORY TRADEMARK INFRINGEMENT**<br>9. **CONTRIBUTORY TRADE DRESS INFRINGEMENT**<br>10. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>11. **CONTRIBUTORY FALSE ADVERTISING**<br>12. **CONTRIBUTORY TRADEMARK  DILUTION**<br>13. **UNFAIR BUSINESS PRACTICES (CAL. BUS. PROF. 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Nutrivita Laboratories, Inc. ("Plaintiff"), by and through its attorneys, alleges as follows:

## THE PARTIES

1.     Plaintiff Nutrivita Laboratories, Inc. is a California corporation with its principal place of business at 2781 W. MacArthur Boulevard, B-305, Santa Ana, California.

2.     Plaintiff is informed and believes and on that basis alleges that defendant VBS Distribution, Inc. ("VBS"), is a California corporation with its principal place of business in Huntington Beach, Orange County, California.

3.     Plaintiff is informed and believes and on that basis alleges that defendant Kings Herb Corporation ("Kings Herb") is a corporation of unknown origin but is informed and believes that it does business in Orange County, California.

4.     Plaintiff is informed and believes and on that basis alleges that defendant Joseph C. Nguyen ("Nguyen") is an individual residing in Santa Ana, Orange County, California.

5.     Plaintiffs are unaware of the names and capacities of counterdefendants DOES 1 – 10, inclusive, and therefore sues these counterdefendants by such fictitious names.  Plaintiffs will seek leave of this court to amend their counterclaim when the identity and status of these unknown counterdefendants is ascertained.  Plaintiffs are informed and believe, and upon that basis, alleges, that DOES 1 – 10, inclusive, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged. Collectively, the term "Defendants" shall refer to each and all defendants unless a specific defendant is named or the context otherwise requires.

6.     On information and belief, Joseph C. Nguyen is the sole owner and/or majority shareholder of Defendant VBS.  On information and belief,

Nguyen performed the improper acts herein alleged and controlled the affairs of Defendant VBS.

7.     In conducting the affairs of Defendant VBS, and on information and belief, Nguyen, *inter alia*, failed to observe the statutory and legal requirements of separate corporate existence; failed to issue share certificates; failed to conduct any director meetings or governing board meetings; failed to adequately capitalize VBS; commingled and wrongfully used the monies, funds, and assets of VBS with his own individual monies, funds, and assets such that accepting the legal fiction of separate corporate existence between them would sanction fraud and injustice against Plaintiff.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the Lanham Act claims and Copyright Act claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1125 (a), and 17 U.S.C. § 501.  The Court has supplemental jurisdiction over the remaining claims arising under California law pursuant to 28 U.S.C. § 1367. Plaintiff further seeks declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief pursuant to 28 U.S.C. § 2202.

9.      This Court has personal jurisdiction over Defendants because Defendants conduct business within the State of California and have committed the acts of infringement, false advertising, and federal and state unfair competition that give rise to this action in this district.   Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) and 1400(a) because, on information and belief, Defendants reside within this judicial district and/or a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district.

COMPLAINT

## GENERAL ALLEGATIONS

11.     Plaintiff is a marketer and distributor of nutraceutical supplements. Among the products that Plaintiff markets and distributes is a dietary supplement known as Arthro-7.

12.     Arthro-7 is a dietary supplement in capsule form that was developed and formulated by Glenn A. Braswell to promote overall joint health.   Mr. Braswell applied to register the Arthro-7 mark, with the United States Patent and Trademark Office ("USPTO") on May 19, 1998.   On October 24, 2000, the USPTO approved the application and granted Registration Number 2398397 for nutritional supplements.

13.     Since this trademark application and the registration thereon, Arthro-7 has been marketed and distributed to consumers as a dietary supplement to promote joint health.   On August 19, 2005, the Arthro-7 trademark was assigned to Long Life Maxx, Inc.   On April 1, 2009, Long Life Maxx, Inc., exclusively licensed the Arthro-7 mark to Plaintiff, including all rights and obligations to use, protect, and enforce the license as that of a holder/owner of the trademark. Plaintiff thereafter marketed and distributed Arthro-7 through various channels, including print publications, catalogs, mailers, television, and the Internet. Through much effort and significant monetary investment, Plaintiff has successfully brought Arthro-7 to the public and created much goodwill.

14.     Included with Plaintiff's efforts has been its development of unique artwork for Arthro-7's packaging and label, or trade dress.   This design includes, but is not limited to, the blue-white word "Arthro-7" placed in front of a silver background above the words "Clinically Tested Formula" in white, which is highlighted in red.   Additional artwork appears below with red check marks next to phrases touting the positive effects of Arthro-7 in white, and a drawing of an inflamed knee joint to the right.   All of this appears above a red border in which appears the capsule count.   Such design is displayed below:

COMPLAINT



15.     This art and packaging has been used and was created by Plaintiff, and was first published by Plaintiff on or about July 30, 2011, and has been in continuous use since.

16.     In around September 2013, Plaintiff became aware of a product called "JN-7" or JN-7 Best" ("JN-7") marketed by Defendant VBS.   The packaging for JN-7 included the same design elements found on the Arthro-7 label, including the same or similar fonts, colors, and patterns, such that Plaintiff is informed and believes, and on that basis alleges that such design was deliberately chosen to dilute and tarnish the Arthro-7 design and trade dress, and to unfairly compete with Plaintiff.



17.     Both Arthro-7 and JN-7 are joint-relief dietary supplements that are sold to consumers.  On information and belief, both are marketed to the same set of consumers and are sometimes even sold side-by-side in certain stores.   In

choosing such a design, the makers and distributors of JN-7 are unfairly capitalizing on the goodwill Plaintiff has spent substantial sums to maintain and grow.

18.    According to Defendant VBS's website, the JN-7 product is manufactured by Defendant Kings Herb Corporation but no location for such an entity could be found.  Plaintiff contacted Defendant VBS and sought disclosure of this information, but VBS has refused to provide such information.

19.    Defendants further sell their product as a dietary supplement but make the following drug claims, which are misleading to consumers, including but not limited to claims that JN-7 can "reduce muscle and joint pain"; "heal & rebuild cartilage"; and "restore joint fluid and flexibility."  Defendants further fail to list any allergen warnings yet the product contains a fish product, thus endangering consumers.

20.    Such statements constitute false and misleading advertising that allow Defendants to unfairly compete against Plaintiff. Defendants have engaged and continue to engage in these deceptive and inequitable conduct thus causing Plaintiff damages.  Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and harm to its reputation and sustain lost profits until Defendants' actions alleged above are enjoined.

21.    Upon information and belief, Defendant Nguyen is the founder, sole owner, and sole shareholder of VBS.  Plaintiff is informed and believes, and on that basis alleges that Nguyen personally and directly participated in the infringing activities detailed above.  For example, upon information and belief, Nguyen directly and personally participated in determining and approving the design of the infringing JN-7 packaging and name with the specific intent of infringing the rights of Plaintiff.  In addition, upon information and belief, Nguyen directed others to design, manufacture, and sell JN-7 with the specific

COMPLAINT

intent of infringing Plaintiff's rights.   Further, upon information and belief, Nguyen, as an officer and owner of VBS, authorized and approved of the infringing misconduct alleged, and was and continues to be the moving, active, conscious force behind Defendants' infringement.

## **FIRST CAUSE OF ACTION**

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

(Against Kings Herb, VBS, and DOES 1 - 5)

22.   Plaintiff incorporates by reference and re-allege each and every averment made in paragraphs 1 – 21 above.

23.   Plaintiff's Arthro-7 trademark, its trade dress, and the goodwill of the business associated with them are of great and significant value, are highly distinctive, and have become associated in the public mind as a product finding their source in Plaintiff.

24.   Without Plaintiff's authorization or consent, and having knowledge of the Arthro-7 mark and trade dress, Defendants chose and continue to use a similar mark and design and advertised, manufactured, distributed, offered for sale and/or sold their infringing product to the consuming public in direct competition with Plaintiff.

25.   Defendant Kings Herb's use of the JN-7 Best name comprises an infringement of Plaintiff's registered trademark for Arthro-7 and is likely to cause confusion, mistake, and a deception of the public as to the identity and origin of Plaintiff's goods.

26.   Plaintiff does not have an adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.   As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

(Against all Defendants)

27.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 26 above.

28.    Defendants' use of JN-7 and of its substantially similar design of packaging its product constitutes a false designation of origin and/or false description, which is likely to deceive consumers and prospective customers into believing that Defendants' goods originate from, are licensed by, sanctioned by, sponsored by, or are in some way affiliated with Plaintiff.

29.    By imitating and infringing on Plaintiff's mark, Defendants have violated and continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.    Plaintiff has no control over the quality of Defendants' goods and any failure, neglect, or default by Defendants in providing goods will and does reflect adversely on Plaintiff, and thereby hampers Plaintiff's efforts to protect its reputation, thereby causing it irreparable harm.

31.    As a direct and proximate result of Defendants' infringing acts as alleged herein, Plaintiff has suffered substantial injury.  Defendants' conduct as alleged herein is an exceptional case and was intentional.  Said exceptional and intentional infringement entitles Plaintiff to treble its actual damages and to an award of attorneys' fees.

32.    Plaintiff has been and will continue to be irreparably harmed by reason of Defendants' unlawful conduct.  Plaintiff has no adequate remedy at law.  As such, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants as further set forth below.

COMPLAINT

## THIRD CAUSE OF ACTION

### TRADE DRESS INFRINGEMENT

(Against Kings Herb, VBS, and DOES 1 - 5)

33.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 32 above.

34.    Plaintiff has been actively marketing, promoting, and selling continuously Arthro-7 such that its distinctive packaging has become recognizable as a source indicator and has acquired secondary meaning within the relevant market.  Defendants have taken this trade dress and have made it its own without the authorization of Plaintiff in an effort to trade off the goodwill created and maintained by Plaintiff.

35.    Defendants' acts are likely to cause confusion, mistake, or deception as to the source of Defendants' products and Defendants' association with Plaintiff.  Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

36.    Defendants' use of Plaintiff's trade dress has been and continues to be willful and Plaintiff therefore is entitled to damages pursuant to 15 U.S.C. § 1117(a), including Defendants' profits, and/or Plaintiff's actual damages and/or the costs and attorneys' fees of this action.

## FOURTH CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

(Against Kings Herb, VBS, Nguyen, and DOES 1 – 5)

37.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 36 above.

38.    Plaintiff is the author and owner of the Arthro-7 artwork and layout found on the Arthro-7 product itself and its packaging, and first published and used this specific design in or about July 30, 2011.

39.     Defendants deliberately and intentionally copied this artwork, layout, and overall look without any authorization from Plaintiff.  Such acts create substantially similar packaging between the two products for which Plaintiff has suffered damages to be determined at time of trial.

40.     Plaintiff is further entitled to injunctive relief restraining Defendants from continuing to create derivative works or any other works that infringe upon Plaintiff's copyright.   As Plaintiff intends to apply for registration of its copyright, such continued copyright infringement, Plaintiff is entitled to recover all statutory damages allowable, including Defendants' profits and attorneys' fees and costs for filing of this action.

## FIFTH CAUSE OF ACTION

### TRADEMARK DILUTION

(Against Kings Herb, VBS, and DOES 1 – 5)

41.     Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 40 above.

42.     The Arthro-7 mark is distinctive, unique and famous, having been used in commerce since the mid-1990s throughout the United States and foreign countries, and is well known to the trade and members of the consuming public.

43.     Defendants' conduct in its continuous promotion, advertisement, sale, offering for sale, and distribution of JN-7 or any variant similar to Arthro-7 to the same set of consumers, constitutes dilution of the Arthro-7 mark in violation of 15 U.S.C. § 1125(c).  Such conduct is likely to dilute and/or tarnish the distinctive quality of said mark by diminishing Plaintiff's ability to identify and distinguish its brand.

44.     For this, Plaintiff has been damaged and deprived of the full value of its mark as a commercial asset, in an amount to be proven at trial.

45.     Plaintiff seeks disgorgement of Defendants' profits earned as a result of its sale and distribution of the infringing product.  Plaintiff is further entitled to

COMPLAINT

treble damages under 15 U.S.C. § 1117 due to the willful acts described herein in conscious disregard of Plaintiff's rights. Alternatively, upon Plaintiff's election, Defendants should be required to pay statutory damages under 15 U.S.C. 1117.

46. Plaintiff is entitled to recover its attorneys' fees from Defendants according to law. Plaintiff has been and will continue to be irreparably harmed by reason of Defendants' unlawful conduct. Plaintiff has no adequate remedy at law. As such, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants.

## SIXTH CAUSE OF ACTION

### FALSE ADVERTISING (LANHAM ACT)

(Against Kings Herb, VBS, and DOES 1 – 5)

47. Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 46 above.

48. False advertisements and/or claims made by Defendants include, but are not limited to, that JN-7 can "Reduce Muscle & Joint Pain"; "Relieve Soreness & Irritation"; "Heal & Rebuild Joint Cartilage"; and "Restore Joint Fluid & Flexibility." Upon information and belief, these statements are false, and Defendants know them or should have known them to be false.

49. Upon information and belief, such statements made in advertising, promotions, and sales are materially false statements that are likely to confuse the public and damage Plaintiff in its ability to compete with Defendants.

50. Defendants' statements, advertising, and promotions constitute false and/or misleading misrepresentations of fact as to the nature, characteristics, and qualities of its goods in violation of 15 U.S.C. § 1125(a). Moreover, these false or misleading statements are material and not just common puffery.

51. Defendants' statements, advertising, and promotions are material misrepresentation upon which customers and potential customers have relied upon or will rely upon.

COMPLAINT

52.     As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has been damaged in an amount to be proven at trial. By reason of Defendants' acts, Plaintiff is entitled to recover all of Defendants' profits received or otherwise achieved, directly or indirectly, from their manufacture, importation, advertisement and/or sale of the infringing product.

53.     On information and belief, Defendants' acts has been deliberate, willful, wanton and malicious and done with the intent to deceive the public. Plaintiff is therefore also entitled to an award of attorneys' fees and costs and treble damages.  Plaintiff will continue to suffer irreparable harm unless and until Defendant is enjoined from such acts and Plaintiff further requests injunctive relief against Defendants from preventing them from such advertising.

## SEVENTH CAUSE OF ACTION

### FALSE ADVERTISING (CAL. BUS. PROF. §17500)

(Against Kings Herb, VBS, and DOES 1 – 5)

54.     Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 53 above.

55.     False advertisements and/or claims made by Defendants include, but are not limited to, that JN-7 can "Reduce Muscle & Joint Pain"; "Relieve Soreness & Irritation"; "Heal & Rebuild Joint Cartilage"; and "Restore Joint Fluid & Flexibility."  Such statements appear on websites, brochures, pamphlets, videos, and on each bottle offered for sale by Defendants.

56.     Upon information and belief, each of these statements are false, and Defendants know them or should have known them to be false.  Moreover, such advertising are materially false statements and are likely to confuse the public and damage Plaintiff in its ability to compete with Defendants.

57.     Defendants' statements, advertising, and promotions constitute false and/or misleading misrepresentations of fact as to the nature, characteristics, and

COMPLAINT

qualities of its goods in violation of 15 U.S.C. § 1125(a).  Moreover, these false or misleading statements are material and not just common puffery.

58.    Defendants' statements, advertising, and promotions are material misrepresentation upon which customers and potential customers have relied upon or will rely upon.

59.    As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has been damaged in an amount to be proven at trial. By reason of Defendants' acts, Plaintiff is entitled to an injunction and to any other relief that the Court deems to be proper in preventing any recurrence of Defendants' illicit conduct.

## EIGHTH CAUSE OF ACTION

### CONTRIBUTORY TRADEMARK INFRINGEMENT

(Against VBS, Nguyen, and DOES 6 – 10)

60.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 59 above.

61.    The above referenced acts constitute a direct trademark infringement upon Plaintiff's rights.

62.    Upon information and belief, Defendants VBS, Nguyen, and DOES 6 – 10, knew of the Arthro-7 trademark and of Plaintiff's rights thereon.  Despite this knowledge, Defendants deliberately and intentionally decided to promote, advertise, offer for sale, and sell an infringing product causing Plaintiff damages in an amount to be proven at trial.

63.    As a direct and proximate result of Defendants' infringing acts as alleged herein, Plaintiff has suffered substantial injury.  Defendants' conduct as alleged herein is an exceptional case and was intentional.  Said exceptional and intentional infringement entitles Plaintiff to treble its actual damages and to an award of attorneys' fees.

64.     Plaintiff has been and will continue to be irreparably harmed by reason of Defendants' unlawful conduct.  Plaintiff has no adequate remedy at law. As such, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants as further set forth below.

## NINTH CAUSE OF ACTION

### CONTRIBUTORY TRADE DRESS INFRINGEMENT

(Against VBS, Nguyen, and DOES 6 – 10)

65.     Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 64 above.

66.     The above referenced acts constitute a direct trade dress infringement upon Plaintiff's rights.

67.     Upon information and belief, Defendants VBS, Nguyen, and DOES 6 – 10, knew of the Arthro-7 trade dress and of Plaintiff's rights thereon.  Despite this knowledge, Defendants deliberately and intentionally decided to promote, advertise, offer for sale, and sell an infringing product causing Plaintiff damages in an amount to be proven at trial.

68.     Plaintiff is informed and believes and on that basis alleges that Nguyen and DOES 6 – 10 specifically approved the substantially similar packaging that is used for JN-7, and deliberately chose this design knowing of the Arthro-7 product and packaging.

69.     Defendants' acts are likely to cause confusion, mistake, or deception as to the source of Defendants' products and Defendants' association with Plaintiff.  Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

70.     Defendants' use of Plaintiff's trade dress has been and continues to be willful and Plaintiff therefore is entitled to damages pursuant to 15 U.S.C. § 1117(a), including Defendants' profits, and/or Plaintiff's actual damages and/or the costs and attorneys' fees of this action.

COMPLAINT

## **TENTH CAUSE OF ACTION**

CONTRIBUTORY COPYRIGHT INFRINGEMENT

(Against VBS, Nguyen, and DOES 6 – 10)

71.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 70 above.

72.    The above referenced acts constitute a direct copyright infringement upon Plaintiff's rights.

73.    Upon information and belief, Defendants VBS, Nguyen, and DOES 6 – 10, knew of the Arthro-7 copyright and of Plaintiff's rights thereon.  Despite this knowledge, Defendants deliberately and intentionally decided to promote, advertise, offer for sale, and sell an infringing product causing Plaintiff damages in an amount to be proven at trial.

74.    Plaintiff is the author and owner of the Arthro-7 artwork and layout found on the Arthro-7 product itself and its packaging, and first published and used this specific design in or about July 30, 2011.

75.    Defendants deliberately and intentionally encouraged the copying of this artwork, layout, and overall look without any authorization from Plaintiff, and benefitted from such infringement.  For such acts Plaintiff has suffered damages to be determined at time of trial.

76.    Moreover, Plaintiff is informed and believes and on that basis alleges that Nguyen and DOES 6 – 10 specifically approved the substantially similar art and layout that is used for JN-7, and deliberately chose this design knowing of the Arthro-7 product, artwork, and design causing Plaintiff damages.

77.    Plaintiff is further entitled to injunctive relief restraining Defendants from continuing to create derivative works or any other works that infringe upon Plaintiff's copyright.   As Plaintiff intends to apply for registration of its copyright, such continued copyright infringement, Plaintiff is entitled to recover

COMPLAINT

all statutory damages allowable, including Defendants' profits and attorneys' fees and costs for filing of this action.

## ELEVENTH CAUSE OF ACTION

### CONTRIBUTORY TRADEMARK DILUTION

(Against VBS, Nguyen, and DOES 6 – 10)

78.    Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 77 above.

79.    The above referenced acts constitute dilution of Plaintiff's mark.

80.    Upon information and belief, Defendants VBS, Nguyen, and DOES 6 – 10, knew of the Arthro-7 trademark, of its fame, its distinctiveness, and of Plaintiff's rights thereon.  Despite this knowledge, Defendants deliberately and intentionally decided to promote, advertise, offer for sale, and sell an infringing product causing Plaintiff damages.

81.    The Arthro-7 mark is distinctive, unique and famous, having been used in commerce since the mid-1990s throughout the United States and foreign countries, and is well known to the trade and members of the consuming public.

82.    Defendants' conduct in its continuous promotion, advertisement, sale, offering for sale, and distribution of JN-7 or any variant similar to Arthro-7 to the same set of consumers, constitutes dilution of the Arthro-7 mark in violation of 15 U.S.C. § 1125(c).  Such conduct dilutes and/or tarnishes the distinctive quality of said mark by diminishing Plaintiff's ability to identify and distinguish its brand.

83.    Moreover, Plaintiff is informed and believes and on that basis alleges that Nguyen and DOES 6 – 10 specifically approved the infringing name used by Defendants, knowing of the Arthro-7 product, artwork, and design.

84.    For this, Plaintiff has been damaged and deprived of the full value of its mark as a commercial asset, in an amount to be proven at trial.

COMPLAINT

85.     Plaintiff seeks disgorgement of Defendants' profits earned as a result of its sale and distribution of the infringing product.  Plaintiff is further entitled to treble damages under 15 U.S.C. § 1117 due to the willful acts described herein in conscious disregard of Plaintiff's rights.  Alternatively, upon Plaintiff's election, Defendants should be required to pay statutory damages under 15 U.S.C. 1117.

86.     Plaintiff is entitled to recover its attorneys' fees from Defendants according to law.  Plaintiff has been and will continue to be irreparably harmed by reason of Defendants' unlawful conduct.  Plaintiff has no adequate remedy at law.  As such, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants.

## TWELFTH CAUSE OF ACTION

### CONTRIBUTORY FALSE ADVERTISING

(Against VBS, Nguyen, and DOES 6 – 10)

87.     Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 86 above.

88.     The above referenced acts constitute false advertising by Defendants.   Despite this, upon information and belief, Defendants VBS, Nguyen, and DOES 6 – 10, knew that the statements made by Kings Herb were false and misleading, yet they deliberately and intentionally decided to continue to promote, advertise, offer for sale, and sell an infringing product.

89.     False advertisements and/or claims made by Defendants include, but are not limited to, that JN-7 can "Reduce Muscle & Joint Pain"; "Relieve Soreness & Irritation"; "Heal & Rebuild Joint Cartilage"; and "Restore Joint Fluid & Flexibility."  Upon information and belief, these statements are false, and Defendants know them or should have known them to be false.

90.     Upon information and belief, such statements made in advertising, promotions, and sales are materially false statements that are likely to confuse the public and damage Plaintiff in its ability to compete with Defendants.

91.     Defendants' statements, advertising, and promotions constitute false and/or misleading misrepresentations of fact as to the nature, characteristics, and qualities of its goods in violation of 15 U.S.C. § 1125(a).  Moreover, these false or misleading statements are material and not just common puffery.

92.     Defendants' statements, advertising, and promotions are material misrepresentation upon which customers and potential customers have relied upon or will rely upon.

93.     Moreover, Plaintiff is informed and believes and on that basis alleges that Nguyen and DOES 6 – 10 specifically approved such statements knowing them to be false and misleading.

94.     As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has been damaged in an amount to be proven at trial. By reason of Defendants' acts, Plaintiff is entitled to recover all of Defendants' profits received or otherwise achieved, directly or indirectly, from their manufacture, importation, advertisement and/or sale of the infringing product.

95.     On information and belief, Defendants' acts has been deliberate, willful, wanton and malicious and done with the intent to deceive the public. Plaintiff is therefore also entitled to an award of attorneys' fees and costs and treble damages.  Plaintiff will continue to suffer irreparable harm unless and until Defendant is enjoined from such acts and Plaintiff further requests injunctive relief against Defendants from preventing them from such advertising.

## THIRTEENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES (CAL. BUS. PROF. §17200)

(Against all Defendants)

96.     Plaintiff incorporates by reference and re-alleges each and every averment made in paragraphs 1 – 95 above.

97.     Defendants' acts discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

98.    Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease these acts, as well as disgorgement of all of Defendants' profits associated with their actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.    A permanent injunction, enjoining Defendants and all those in concert with them from directly or indirectly using the JN-7 mark or any other colorable imitation thereof and any trade dress or design of its packaging that is substantially similar to the Arthro-7 trade dress;

2.    An order that Defendants be required to deliver for destruction, at Defendants' expense, all containers, labels, signs, packages, advertisements, brochures, promotional materials, other written materials bearing the JN-7 mark or any trade dress that is substantially similar to Plaintiff's mark;

3.    An order that Defendants prepare reports in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction;

4.    An order that Defendants provide an accounting of all profits derived by its infringing acts complained herein;

5.    On the Lanham Act claims, compensatory damages for the injuries sustained by Plaintiff caused by Defendants;

6.    In the alternative, should Plaintiff elect, statutory damages under 15 U.S.C. §§ 1114 and 1117;

7.    Treble damages under 15 U.S.C. § 1117;

8.    Compensatory damages under Plaintiff's copyright claims;

9.    Restitution and disgorgement of profits as allowed under the California Business and Professions Code §§ 17203 and 17535; and

10.     Any and all other legal and equitable relief as may be available under law and which the court may deem proper.

Dated: October 18, 2013

**NG DO-KHANH, PC**

By: /s/ Daniel Do-Khanh
    Daniel Do-Khanh, Esq.
    Attorneys for Plaintiff Nutrivita
    Laboratories, Inc.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1 and Rules 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.


Dated: October 18, 2013                    **NG DO-KHANH, PC**


By: /s/ Daniel Do-Khanh
    Daniel Do-Khanh, Esq.
    Attorneys for Plaintiff Nutrivita
    Laboratories, Inc.